## No. 20,604.

THE UTILITIES BOARD OF THE CITY OF LAMAR *v.*
DISTRICT COURT OF PROWERS COUNTY, ET AL.

(381 P. [2d] 454)

Decided May 13, 1963.

Messrs. GORDON and GORDON, Messrs. BARRY and BOYLE, for petitioner.

Mr. CARL M. SHINN, for respondents.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

ON December 14, 1962, Southeast Colorado Power Association, herein referred to as Southeast, commenced Civil Action No. 2498 in the respondent court, wherein petitioner here, to which we refer as Lamar, was the defendant. The purpose of said action was to enjoin Lamar from rendering certain utility services to The American Telephone and Telegraph Company and to obtain a declaratory judgment interpreting and defining

the respective rights of Lamar and Southeast under a written agreement entered into by them, wherein they undertook to define their respective rights and duties in the rendering of utility services at various points of the area in which both were authorized and certificated by the Public Utilities Commission of the State of Colorado to serve.

Lamar moved to dismiss the action for the alleged reason that there was then pending before the Public Utilities Commission (PUC) Case No. 5226 to determine whether Southeast or Lamar should serve the A. T. & T. installation, and that the court had no jurisdiction to determine the questions presented, the same being in the exclusive jurisdiction of the Public Utilities Commission.

On December 22, 1962, this motion was denied by the court. On December 28, 1962, Lamar, petitioner here, commenced this original proceeding wherein it prays that a writ of prohibition be granted prohibiting respondents " * * * from proceeding in Civil Action No. 2498 *until such time as the Public Utilities Commission of the State of Colorado has acted in case No. 5226.*" (Emphasis supplied.)

On December 31, 1962, this court entered its order directing respondents to stay all proceedings in Case No. 2498 until the further order of the court, and to show cause why the relief sought by petitioner should not be granted.

Respondents answered, contending that the court not only had jurisdiction in Case No. 2498, but was duty bound to resolve the issues therein presented.

Oral arguments were presented before this court on April 15, 1963, at which time counsel in open court directed our attention to the fact that the Public Utilities Commission of Colorado had, on March 27, 1963, entered its order disposing of Case No. 5226, and filed herein a true copy of said order.

Thus it appears that the stay order entered by this

288

court has fully served the purpose for which sought, namely, to restrain further proceedings until such time as the Public Utilities Commission acted in Case No. 5226.

Therefore, the order of this court staying proceedings in Case No. 2498 is vacated, and the rule to show cause is discharged.

MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur in the result.